Richard A. **BOWER,** Equal Employment Opportunity Commission, Ernest O. McKnatt and John J. Oswald, **Plaintiffs,**

Richard A. Bower, Plaintiff–Intervenor,

Sharon Herdrich, Luis Morales, and Tim Weise, Plaintiff–Intervenors,

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

No. 94–2862.

United States District Court, W.D. Tennessee, Western Division.

Oct. 16, 2003.

Connie Westbrook, Law Office of Connie Westbrook, Germantown, TN, for Richard Bower.

Carolyn Howard, Norwood Howard & Atchley, Memphis, TN, for John J. Oswald.

Thomas L. Henderson, James R. Mulroy, Lewis Fisher Henderson Claxton and Mulroy, Colby S. Morgan, FedEx Corporation, Memphis, TN, for Federal Express.

Callan G. Carter, J. Kendrick Kresse, California Center for Law and the Deaf, San Leandro, CA, Richard B. Fields, Law Office of Richard B. Fields, Memphis, TN, for Hendrich, Morales & Weise.

Draga G. Anthony, Thomas J. Borek, Equal Employment Opportunity Commission, Memphis, TN, for EEOC.

## ORDER DENYING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND GRANTING THE MOTIONS FOR PARTIAL SUMMARY JUDGMENT OF THE EEOC, BOWER, HERDRICH, MORALES, AND WEISE

DONALD, District Judge.

Before the Court are motions for partial summary judgment from the following parties: Plaintiff Equal Employment Opportunity Commission ("EEOC"); Plaintiff Richard Bower ("Bower"); Plaintiffs–Intervenors Sharon Herdrich ("Herdrich"), Luis Morales ("Morales"), and Tim Weise ("Weise") (collectively, "Plaintiffs"); and Defendant Federal Express Corporation ("FedEx" of "Defendant"). Plaintiffs assert claims against Defendant for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101—12213 (2003), for failing to reasonably accommodate the needs of their disabled employees in FedEx's personal jumpseat travel program. The narrow issue before the Court is whether FedEx is required by the ADA to provide an alternative benefit to the disabled employees. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court (1) denies Defendant's motion for partial summary judgment; (2) grants the EEOC's motion for partial summary judgment; (3) grants Bower's motion for partial summary judgment; and (4) grants the motion for partial summary judgment of Herdrich, Morales, and Weise.

## I. Background

The procedural history is detailed in *Bower v. Federal Express Corp.*, 156 F.Supp.2d 678, 681–84 (W.D.Tenn.2001). Defendant, a Federal Aviation Administration certified all-cargo carrier, provides its employees the fringe benefit of riding jumpseat. "Riding jumpseat" means that Defendant permits its employees to use the limited passenger seating available on its cargo flights to travel to destinations within the United States and worldwide. Defendant maintains a "flight release" roster, which lists those employees who are authorized to ride jumpseat on particular flights. Defendant requires its employees seeking to ride jumpseat to take a "jumpseat skills test."

Bower was born with spina bifida, which requires him to use crutches and wear leg braces. He is disabled within the meaning of the ADA. Bower began working for Defendant on August 7, 1989 and became a senior global operations control specialist. Defendant never permitted Bower to ride jumpseat on one of its aircraft, despite Bower's contention that he was permitted to ride jumpseat by other cargo carriers that he has worked for in the past. Defendant allegedly also refused Bower's requests to make reasonable accommodations for his disability concerning the jumpseat privilege.

On September 25, 1995, the EEOC filed a suit against Defendant on behalf of Bower and similarly-situated individuals, alleging violations of the ADA.[1] Bower subsequently intervened in the EEOC's case and filed an amended complaint. Both cases were consolidated in December 1996.[2] Further consolidation occurred on August 13, 1997, when the district court consolidated the instant case with *McKnatt v. Federal Express Corp.*[3] and *Oswald v. Federal Express Corp.*,[4] two cases also involving the privilege of riding jumpseat.[5]

On March 6, 1997, Herdrich, Morales, and Weise moved to intervene in the instant case. Herdrich, Morales, and Weise are deaf employees of Defendant who were denied the privilege of riding jumpseat.

Herdrich, a resident of California, began working as a cargo handler for Defendant on January 18, 1988. She allegedly successfully passed the jumpseat skills test but was denied jumpseat privileges because she is hearing-impaired. Defendant allegedly neither provided Herdrich with any substitute benefits nor responded to her suggestions for reasonable accommodation.[6] Morales, a resident of California who is disabled within the meaning of 42 U.S.C. § 12102(2), began working as a checker/sorter for Defendant on March 3, 1990. Morales was deterred from taking the jumpseat certification test by the preamble to the test and by knowledge of Defendant's policy of denying deaf employees the use of jumpseat travel. Weise, a resident of California who is disabled within the meaning of 42 U.S.C. § 12102(2), began working as an equipment operator for Defendant on June 1990. Weise was deterred from taking the jumpseat certification test by the preamble to the test and by knowledge of Defendant's policy denying deaf employees the use of jumpseat

---

1. Case number 95–2723 ("EEOC's case").

2. The cases were consolidated under case number 94–2862.

3. Case number 96–3050.

4. Case number 96–3097.

5. *McKnatt* and *Oswald* were consolidated with the instant case only to the extent that they involved the same jumpseat issue. The district court later ordered McKnatt stricken as a plaintiff.

6. Plaintiffs' complaints never specify the suggested reasonable accommodations.

travel. Weise asked if he could fly jumpseat if accompanied by a non-hearing-impaired relative, but Defendant refused his request.

Defendant filed its first motion for summary judgment on November 21, 1997, arguing that the Federal Aviation Act and its regulations prohibit Defendant from allowing Plaintiffs to use its jumpseats and that the ADA does not require an employer to make reasonable accommodations for benefits and privileges of employment.

On March 23, 1998, the district court certified a number of issues to the Federal Aviation Administration ("FAA"), specifically whether federal aviation safety regulations [7] were applicable to Defendant's jumpseat program. All proceedings were stayed pending resolution of issues by the FAA. On September 16, 1998, the district court denied Defendant's first motion for summary judgment without prejudice, permitting Defendant the opportunity to resubmit its motions after the stay was lifted.

After the FAA's response, Defendant filed a motion for judgment on the pleadings or in the alternative for summary judgment. This Court denied Defendant's motion for summary judgment on the ADA claim, finding that Plaintiffs have made a prima facie case of unlawful discrimination under the ADA. *See Bower,* 156 F.Supp.2d at 686. The Court noted, "riding jumpseat constitutes a fringe benefit covered by the ADA." *Id.* The Court accepted guidance from the FAA and held that FedEx may prohibit Plaintiffs from riding jumpseat on its planes. Finding that issues of reasonable accommodation and undue hardship are issues of fact, the Court denied Defendant's motion for summary judgment with regard to Plaintiffs' ADA claims until such time as all evidence is presented at trial.

Subsequent to the Court's denial of FedEx's summary judgment motion, the parties conducted more discovery and participated in three unsuccessful settlement conferences, on October 25, 2001, June 3, 2002, and March 4, 2003. Though the parties agreed to file cross motions for partial summary judgment. On June 13, 2003 the parties filed cross motions for summary judgment and stipulated to the following facts:

1) As a benefit, Federal Express Corporation has allowed eligible employees to use the privilege of free personal jumpseat travel on its cargo aircraft within policy guidelines, and subject to federal law and regulations, on a space available basis. Since September 11, 2001, Federal Express Corporation has suspended the privilege.

2) The Federal Express Corporation jumpseat program must comply with the safety requirements contained in Federal Aviation Regulations, including 14 CFR § 121.583 and .585, by excluding employees who cannot meet the safety-related performance requirements imposed by the regulations.

3) Some employees are qualified persons with disabilities under the Americans With Disabilities Act who have been excluded from participation in the jumpseat program due to their inability to meet one or more of the performance requirements of 14 CFR § 121.585 by reason of their disabilities.

4) It would be an undue burden on Federal Express Corporation to reconfigure its cargo aircraft to enable those employees referred to in paragraph

7.  14 C.F.R. §§ 121.583 regulates entities that have been approved to transport non-crewmembers on non-passenger cargo planes. 14 C.F.R. §§ 121.585 regulates those same entities with respect to whom they may seat in exit rows.

3, above, to meet the performance requirements of 14 CFR § 121.585.

## II. Issue

The stipulate issue to be addressed by the Court is:

whether Federal Express Corporation, as an all-cargo air carrier restricting its benefit of free space-available jumpseat personal travel to only those employees who meet safety-related performance standards in compliance with federal law and regulations, is required by the ADA to provide an alternative benefit to those employees who meet the ADA's definition of a qualified individual with a disability but cannot meet the standards of 14 CFR § 121.585 by reason of their disabilities.

## III. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727, at 35 (2d ed.1998).

Facts must be presented to the court for evaluation. *Kalamazoo River Study Group v. Rockwell Int'l Corp.,* 171 F.3d 1065, 1068 (6th Cir.1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2721, at 40 (2d ed.1998). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Thaddeus–X v. Blatter,* 175 F.3d 378, 400 (6th Cir.1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 460 (6th Cir.2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River,* 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the nonmoving

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348.

## IV. Analysis

### A. Alternative Benefit

Plaintiffs assert that FedEx violated the ADA by refusing them the privilege of riding jumpseat and by failing to make the reasonable accommodations that would enable them to enjoy that privilege. In this motion, the Court considers only whether the ADA requires FedEx to accommodate Plaintiffs by providing an alternative to the jumpseat travel program.

The ADA dictates that, "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). FedEx admits that it is a covered entity as defined by the ADA. (Def.'s Answer to Pl.'s Amended Compl. ¶ 4–6.) Plaintiffs are qualified individuals under the ADA.[8]

Prohibited discrimination under the ADA includes an entity's failure to make reasonable accommodations for a qualified individual's disabilities. *See* 42 U.S.C. § 12112(b)(5)(A); *Kiphart v. Saturn Corp.,* 251 F.3d 573, 586 (6th Cir.2001). "Reasonable accommodation" in the context of fringe benefits is defined as, "[m]odifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities."

29 C.F.R. § 1630.2(*o*)(1)(iii). Therefore, if the jumpseat program is a fringe benefit program, then FedEx must reasonably accommodate qualified individuals so that they might benefit from the program.

■ Defendant argues that the jumpseat program is not a fringe benefit program covered by the ADA. Section 12112(a) includes "privileges of employment" within its coverage. 42 U.S.C. § 12112(a). Similarly, federal regulations implementing the ADA hold that "fringe benefits available by virtue of employment" are covered by the ADA. 29 C.F.R. § 1630.4(f) (2000); *see also Parker v. Metropolitan Life Ins. Co.,* 121 F.3d 1006, 1014 (6th Cir.1997) ("The regulations governing the ADA specifically provide that it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to fringe benefits available by virtue of employment ...."). This Court previously held that FedEx's jumpseat program constitutes a fringe benefit covered by the ADA. *Bower,* 156 F.Supp.2d at 686. FedEx stipulated that it offers eligible employees the opportunity to ride jumpseat on its aircraft. Accordingly, FedEx must consider reasonable accommodations for Plaintiffs with regard to all of its fringe benefits, including the jumpseat privilege.

■ The Sixth Circuit uses a burden-shifting framework for deciding when a reasonable accommodation should be made for an ADA qualified individual. First, a disabled employee "bears the initial burden of proposing an accommodation and showing that accommodation is objectively reasonable." *Cassidy v. Detroit Edison Co.,* 138 F.3d 629, 634 (6th Cir.1998); *see*

---

8. In a document filed on February 10, 1995, Defendant stipulated that Bower is disabled within the meaning of the ADA. Herdrich, Morales, and Weise are deaf and communicate with their fellow employees and supervisors through sign language. (May 30, 1997 Declaration of Herdrich at 2; May 30, 1997 Declaration of Morales at 2; May 30, 1997 Declaration of Weise at 2).

also *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir.1996) (same). Next, the employer has the burden of persuasion to show that an accommodation would impose undue hardship. 42 U.S.C.A. § 12112(b)(5)(A); *Cassidy*, 138 F.3d at 634; *Monette*, 90 F.3d at 1183–84. The question whether an accommodation is reasonable is a question of fact. *See Cassidy*, 138 F.3d at 634; *McWright v. Alexander*, 982 F.2d 222, 227 (7th Cir.1992).

■ The Court first considers whether Plaintiffs have proposed an objectively reasonable accommodation. This "initial burden of articulating a reasonable accommodation need not be onerous." *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 781 (6th Cir.1998). The employee need only "suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." *Id.; see also Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Cir.1995). Plaintiffs have proposed a few accommodations, including a limited number of seats on commercial flights each year as a substitute benefit to the jumpseat travel program. (Pls.' Herdrich, Morales, and Weise Mem. Mot. Summ. J. at 3.)

■ On its face, Plaintiffs' request seems reasonable. Because of their disabilities, Plaintiffs cannot participate in a program that provides a substantial benefit to nondisabled employees. The ADA was created to equalize job opportunities and privileges, including employment benefits. A commercial airline travel program clearly would be related to the jumpseat program. While FedEx would incur a cost in paying its commercial airline partners to accommodate Plaintiffs, it would be free to limit the number of trips. FedEx already

incurs costs to administer the jumpseat travel program and its appeals process. FedEx would seem, therefore, capable of also incurring some costs in order to give a similar benefit to the ADA qualified individuals. Defendant argues that free commercial travel for qualified individuals is not a reasonable accommodation but is instead "preferential treatment" for disabled employees. (Def.'s Mot. Summ. J. at 15.) The Supreme Court has noted that, "[t]he simple fact that an accommodation would provide a 'preference'—in the sense that it would permit the worker with a disability to violate a rule that others must obey—cannot, *in and of itself,* automatically show that the accommodation is not 'reasonable.' " *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 398, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). Plaintiffs have put forth a reasonable accommodation for consideration, and the fact that it provides them a benefit does not defeat it.

■ FedEx also argues that its compliance with FAA regulations is a complete defense to the ADA's requirement of reasonable accommodation. The plain text of 29 C.F.R. § 1630.15(e) (2003) [9] holds that an employer's compliance with other federal regulations, including federal aviation regulations, could be a complete defense under the ADA. Accordingly, FedEx will not be required to accommodate Plaintiffs by allowing them to ride in seats which would violate federal aviation standards. This Court previously held that FedEx is entitled to discriminate against Plaintiffs in its jumpseat program. *Bower*, 156 F.Supp.2d at 687. The Court denied FedEx's summary judgment motion, based on the possibility of other accommodations

---

9. The subsection reads:
   (e) Conflict with other federal laws. It may be a defense to a charge of discrimination under this part that a challenged action is required or necessitated by another Federal law or regulation, or that another Federal law or regulation prohibits an action (including the provision of a particular reasonable accommodation) that would otherwise be required by this part.

that would not violate federal aviation regulations. Again, Defendant is denied summary judgment, because a reasonable accommodation is possible, namely travel with commercial airlines. Nothing before the Court shows that, under federal aviation regulations, Plaintiffs are not allowed to ride on commercial airlines. Therefore, federal aviation guidelines are not a defense to FedEx's responsibility to accommodate its ADA qualified employees.

Ordinarily, the Court would next analyze whether the employer has shown that the proposed accommodation would be an undue hardship. For the purposes of this motion, that issue has been deferred. The Court stated in its Order on April 10, 2003, "[t]he issue of whether or not Federal Express Corporation can provide comparable personal air travel on commercial passenger aircraft as a reasonable accommodation for these employees without incurring undue hardship is in dispute and deferred."

For the purposes of this motion, Defendants have failed to create a genuine issue as to the unreasonableness of Plaintiffs' proposed accommodation. Plaintiffs have shown a genuine issue of material fact as to a commercial air travel program's suitability as a reasonable accommodation. Accordingly, Plaintiffs' motions for summary judgment on the instant issue is GRANTED, and Defendant's motion for summary judgment is DENIED.

## V. Conclusion

Plaintiffs have created a genuine issue of material fact. Accordingly, the Court (1) **DENIES** Defendant's motion for partial summary judgment; (2) **GRANTS** the EEOC's motion for partial summary judgment; (3) **GRANTS** Bower's motion for partial summary judgment; and (4) **GRANTS** the motion for partial summary judgment of Herdrich, Morales, and Weise.

**IT IS SO ORDERED** this _____ day of _____ 2003.